**Satnam SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74344.
Agency No. A75–641–878.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Aug. 26, 2004.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Alison Marie Igoe, Margaret K. Taylor, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Satnam Singh (Singh), a native and citizen of India, appeals the Board of Immigration Appeals' summary affirmance of the decision of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The IJ denied Singh's application because he found him not credible. We find that the IJ erred in his analysis of each of the bases for his adverse credibility determination, and are therefore compelled to reverse.

■ *1. Demeanor.* The IJ failed to reference specific excerpts of Singh's testimony in support of his negative demeanor finding, thereby hampering this court's review. The IJ must articulate with specificity any inconsistencies or evasions he finds. *Singh v. Ashcroft,* 301 F.3d 1109, 1113–14 (9th Cir.2002). We see no evidence in the transcript of Singh's testimony that his responses differed between his direct and cross-examination, nor that his testimony on cross was "vague" or "short."

*2. Jeep Incident.* Asylum applications are not a model in accuracy. Incomplete asylum applications alone cannot serve as a basis for making an adverse credibility finding. *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990).

■ *3. American Consul.* Singh's testimony regarding the consul's ability to provide him with asylum is irrelevant to his asylum application and should not have factored into the IJ's credibility determination. *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003).

■ *4. Protection of Singh's Family.* An IJ may not "place herself in [petitioner's] shoes" and imagine what he or she would have done under the circumstances. *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000). "Personal beliefs cannot be substituted for objective and substantial evidence." *Id.* The IJ's speculation regarding Singh's provision for his family cannot be used as a ground for an adverse credibility determination.

■ *5. Police Intent to Jail Singh.* Conjecture regarding what is likely to occur is not a substitute for substantial evidence. *Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996). The IJ's belief as to what the police would have done does not create an inconsistency, and therefore does not support an adverse credibility finding.

*6. Knowledge of the Sikh Faith.* The web site used by the IJ to discredit Singh's answers regarding his religion was admitted at closing arguments as background documentation only. Therefore the IJ's determination that Singh's answers were partially incorrect is not supported by any evidence in the record.

It appears that the IJ's credibility finding was improperly influenced by a 1994 Report cited in a State Department Profile questioning the general credibility of Sikh applicants. Not only was the profile outdated (the IJ wrongly cited it as a 1999 report), but it is not relevant to the particularized inquiry required for every petitioner. *See Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000) (holding that by relying on a blanket statement in a State Department report the Board and the IJ "failed to make the individualized analysis of an applicant's credibility that our case law mandates").

Because the IJ did not reach the merits of Singh's claims after making an adverse credibility finding, we must remand for the IJ to consider his application in the first

---

instance, taking his testimony as credible. *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Petition for Review GRANTED; Adverse credibility finding REVERSED; Application for asylum, withholding of deportation, and relief under CAT are REMANDED for proceedings consistent with this opinion.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the